This matter is before the court on an order to show cause obtained by the receiver of defendant why an assignment of accounts made by defendant to complainant should not *Page 539 
be set aside. At the conclusion of the testimony on behalf of the receiver, it was agreed that the matter should be submitted as to the sufficiency of the facts to justify the relief, and the right was reserved to complainant to introduce further testimony in case it should be decided that from the testimony adduced the application should be granted.
In my opinion the receiver has made out a clear case entitling him to the relief prayed for.
There is no question but that the defendant was insolvent at the time of the appointment of a receiver. The complainant urges that there is no proof that the corporation was insolvent at the time of the assignment and that no inference of insolvency or contemplation of insolvency can be drawn from the fact that it was insolvent on April 8th. The case of Glauberman v.Bergenline Trust Co., 108 N.J. Eq. 531, is relied upon for this contention. However, that case is very clearly distinguishable from this one. In that case the decision was based upon the fact that at the time of the challenged payment the corporation had never defaulted upon the payment of any of its obligations, and that it had a substantial bank balance against which there was not outstanding a single past or presently due obligation, and that its business continued as usual right up to the appointment of a receiver.
In this case the defendant owed to complainant many thousands of dollars. It had been doing business for a long time at a great loss and it had defaulted at least in payment of its rent for several months. Complainant and defendant were closely allied and complainant, through its officers, participated in the conduct of business of defendant and was thoroughly familiar with its condition and affairs. On the facts before me I can only hold that the assignment in question was made almost certainly while defendant was insolvent and most certainly in contemplation of insolvency.
If the complainant considers that it can at a further hearing produce facts to contradict those now before me, it will be given an opportunity to do so, otherwise the relief prayed for in the order to show cause will be granted. *Page 540